IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM SAMUEL MCLEAN,  :
JR.,                     :
                         :
        Plaintiff        :   CIVIL NO. 1:14-CV-02298
                         :
    vs.                  :
                         :
UNITED STATES OF AMERICA :   (Judge Rambo)
                         :
        Defendant        :

MEMORANDUM AND ORDER

Background

On December 12, 2014, William Samuel McLean, Jr., an inmate confined at the Federal Correctional Institution at Schuylkill, Minersville, Pennsylvania ("FCI-Schuylkill")[1] filed this action against the Federal Bureau of Prisons ("BOP") pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671.[2] (Doc. 1,

---

1. McLean is presently confined at the Federal Correctional Institution, Pekin, Illinois ("FCI-Pekin").

2. The FTCA provides a remedy in damages for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of [the United States] while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28

(continued...)

Complaint.)   Included in the complaint was a "motion for

time to file an amended complaint." (Id.)   On December

4, 2014, the Clerk of Court sent McLean an

Administrative Order directing that within thirty (30)

days he pay the filing fee, or file an application to

proceed in forma pauperis and an authorization form to

have funds deducted from his prison account. (Doc. 4.)

On December 12, 2014, McLean filed an application to

proceed in forma pauperis and the authorization form.

(Docs. 5 and 6.)   Also, on December 12, 2014, an

Administrative Order was sent to the Warden at FCI-

Schuylkill directing him to commence deducting the

filing fee from McLean's prison account. (Doc. 7.) On

December 16, 2014, the Court granted McLean's

application to proceed in forma pauperis. (Doc. 9.)

---

  2.  (...continued)
U.S.C. § 1346(b)(1).  With respect to negligence or
wrongful acts or omissions the FTCA excludes several
types of claims, including the intentional torts of
assault, battery, false imprisonment, false arrest with
exception of acts or omissions of investigative or law
enforcement officers of the United States. 28 U.S.C. §
2680. "Investigative or law enforcement officer" is
defined as "any officer of the United States who is
empowered by law to execute searches, to seize
evidence, or to make arrests for violations of Federal
law." 28 U.S.C. § 2680(h).

Defendant waived service of the complaint and on February 12, 2015, filed a motion for extension of time to file an answer. (Docs. 10, 14, 17.)  By order of February 18, 2015, Defendant was granted an extension of time until May 20, 2015, to file an answer. (Doc. 18.) On February 26, 2015, McLean filed an amended complaint substituting the United States as the Defendant along with a motion to serve the amended complaint. (Docs. 20, 21.)  By order of April 10, 2015, the motion to serve the amended complaint was granted, the Federal Bureau of Prisons was terminated as a Defendant, and the United States of America was added as the sole Defendant in this action. (Doc. 25.)

The amended complaint and attachments thereto reveal that McLean alleges that when he arrived at FCI-Schuylkill on December 5, 2011, that he and the other newly arrived inmates were informed by Tamara Blaschak, an emergency medical technician, that they would all receive a skin test for tuberculosis, i.e., a purified protein derivative (PPD) test.[3]  (Doc. 20, Amended

---

3.  The Centers for Disease Control and Prevention
(continued...)

Complaint.)  McLean claims that he informed EMT Blaschak

that he previously had TB and also had a PPD test in

1994 and that those facts were documented in his medical

records maintained by the BOP.[4] (Id.)  McLean alleges

---

3.  (...continued)
describes how the test is administered as follows: "The
[tuberculin skin test] is performed by injecting 0.1 ml
of tuberculin purified protein derivative (PPD) into
the inner surface of the forearm. The injection should
be made with a tuberculin syringe, with the needle
bevel facing upward. The TST is an intradermal
injection. When placed correctly, the injection should
produce a pale elevation of the skin (a wheal) 6 to 10
mm in diameter." Fact Sheets, Tuberculin Skin Testing,
Centers for Disease Control and Prevention,
http://www.cdc.gov/tb/publications/factsheets/testing/s
skintesting.htm (Last accessed February 5, 2016).  The
test is assessed within 48 to 72 hours by measuring in
millimeters "the induration (palpable, raised, hardened
area of swelling)." (Id.)  The interpretation of the
test depends on the measurement in millimeters of the
induration and the person's risk of being infected.
(Id.)  With respect to "residents and employees of high
risk congregate settings" such as penal institutions
"an induration of 10 or more millimeters is considered
positive[.]" (Id.)

4. McLean contends that he received the 1994 TB skin
test while confined at the United States Penitentiary,
Leavenworth, Kansas. (Doc. 23, Exhibits to Amended
Complaint, at 5.) At that time McLean alleges that he
informed the BOP that he had a history of TB but they
still performed the test and that he had a bad reaction
to the test but it did not leave a scar on his left
forearm. (Id.)  Up until his transfer to FCI-Schuylkill
on December 5,2011, he contends that the BOP monitored
him for TB by way of chest x-rays. (Id.)

that he objected to the administration of the PPD test
and that EMT Blaschak informed him and the other inmates
that the test was mandatory and that if he refused he
would be taken immediately to a special housing unit
cell, strapped down and given the PPD test.[5] (Id. at 22-
23.)   In light of those threats, McLean claims he
submitted to the test which resulted in an allergic
reaction within a short period of time and left a
permanent scar on his left forearm. (Id. at 11.)   McLean
also alleges that he suffered damage to the muscle of
the left forearm and still suffers pain from the
administration of the test. (Id.)   McLean contends that
EMT Blaschak knew that his medical records showed that
administering the test to him was "contraindicated."
(Id. at 4, 11.)   McLean contends that EMT Blaschak was
negligent by administering the test and committed an
assault and battery on his person. (Id. 1-6.) He also
contends that the clinical director, Ellen Mace-Leibson,

---

5.  28 C.F.R. § 549.12(b)(4) states that "[a]n inmate
who refuses TB screening may be subject to an incident
report for refusing to obey an order. If an inmate
refuses skin testing, and there is no contraindication
to tuberculin skin testing, then, institution medical
staff will test the inmate involuntarily."

D.O., and Health Services Administrator McKinney were negligent for issuing standing orders that all newly arrived inmates receive a PPD test. (Id.)  As relief, McLean requests an award of damages in the amount of $10,000.00. (Id. at 6.)

On June 9, 2015, the United States filed a motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b), or in the alternative for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 27.) A statement of material facts and a brief in support of the motion were filed on June 23, 2015. (Docs. 29, 30.)  The United States argued that McLean's amended complaint should be dismissed because he does not have a medical expert and failed to timely file a certificate of merit as required by Pennsylvania law, or in the alternative, summary judgment should be granted because the undisputed record demonstrates the United States was not negligent in treating McLean.  After being granted several extensions of time, on January 22, 2016, McLean filed a brief in opposition, a response to the statement of material facts filed by the United States and evidentiary

materials. (Docs. 55, 56, 57, 58.)  The United States'
motion became ripe for disposition on February 8, 2016,
when it elected not to file a reply brief.

On February 11, 2016, the court granted in part
and denied in part the United States' motion.  The court
dismissed McLean's claims of assault and battery but in
all other respects the court permitted the case to
proceed.  The court, also, set a deadline for the filing
of an answer to the amended complaint, the completion of
discovery and the filing of any further dispositive
motions.

On March 14, 2016, the United States filed an
answer to the amended complaint. (Doc. 62.)  On March
21, 2016, the United States filed a motion to depose
McLean which the court granted by order of March 23,
2016. On April 13, 2016, the court granted the United
States' motion for an extension of time of the discovery
and dispositive motions deadlines. (Doc. 72.)  Under
that order all discovery is to be completed by May 11,
2016.  On April 25, 2016, McLean filed a motion for
appointment of counsel and a motion to depose 11
witnesses, including Tamara Blaschak.  (Docs. 75, 76.)

Upon consideration of Mclean's motion for appointment of counsel, this court will conditionally grant the motion. Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, <u>Parham v. Johnson</u>, 126 F.3d 454, 456-457 (3d Cir 1997), the court has discretion to request "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); <u>see also</u> <u>Montgomery v. Pinchak</u>, 294 F.3d 492, 499 (3d Cir. 2002); <u>Tabron v. Grace</u>, 6 F.3d 147, 153 (3d Cir. 1993). The court finds that the difficulties associated with the legal issues and discovery in this case and the necessity of factual investigation in this case support the appointment of counsel for McLean. <u>See</u> <u>Montgomery</u>, 294 F.3d at 499 (citing <u>Tabron</u>, 6 F.3d at 155-157). McLean is cautioned however, that if the court is unable to find counsel to represent him, he will be required to continue with his case pro se.

**ACCORDINGLY**, this 4th day of May, 2016, **IT IS HEREBY ORDERED THAT:**

1. McLean's motion for appointment of counsel (Doc. 75) is conditionally **GRANTED**. The Clerk of Court

shall forward a copy of this Order to the Chair of the Federal Bar Association's Pro Bono Committee, James P. DeAngelo, Esquire, McNees Wallace & Nurick, 100 Pine Street, Harrisburg, Pennsylvania 17101, for the purpose of obtaining counsel for McLean.

2. All filing obligations and other deadlines are stayed for sixty (60) days while Attorney DeAngelo attempts to find counsel to represent McLean.

3. A new discovery and dispositive motion deadlines will be established when deemed appropriate by the Court.

4.  McLean's motion to depose witnesses (Doc. 76) is **DENIED** without prejudice to his right to refile the motion after the court sets a new discovery and dispositive motions deadline.

5.  McLean is advised that if the court is unable to find counsel to represent him, he will be required to continue with his case pro se.

> s/Sylvia H. Rambo
> United States District Judge