# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM SAMUEL MCLEAN, JR., | : |
| Plaintiff | : |
| | : No. 1:14-CV-02298 |
| vs. | : |
| | : (Judge Rambo) |
| UNITED STATES OF AMERICA | : |
| Defendant | : |

## MEMORANDUM

Presently before this Court is <u>pro se</u> Plaintiff, William Samuel McLean Jr.'s motion for leave to file a second amended complaint. (Doc. No. 128). For the foregoing reasons, Plaintiff's motion will be denied.

**I.**     **Background**

On December 12, 2014, Plaintiff, an inmate confined at the Federal Correctional Institution at Schuylkill, Minersville, Pennsylvania ("FCI-Schuylkill") filed this action against the Federal Bureau of Prisons ("BOP") pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671. (Doc. No. 1.) On February 26, 2015, Plaintiff filed an amended complaint substituting the United States as the Defendant along with a motion to serve the amended complaint. (Doc. Nos. 20, 21.) By Order dated April 10, 2015, the motion to serve the amended complaint was granted, the Federal Bureau of Prisons was terminated as a

1

Defendant, and the United States of America was added as the sole Defendant in this action. (Doc. No. 25.)

The amended complaint and attachments thereto reveal that Plaintiff alleges that when he arrived at FCI-Schuylkill on December 5, 2011, that he and other newly arrived inmates were informed by Tamara Blaschak, an emergency medical technician, that they would all receive a skin test for tuberculosis, i.e., a purified protein derivative (PPD) test. (Doc. No. 20.) Plaintiff claims that he informed EMT Blaschak that he previously had TB and also had a PPD test in 1994 and that those facts were documented in his medical records maintained by the BOP. (Id.) McLean alleges that he objected to the administration of the PPD test and that EMT Blaschak informed him and the other inmates that the test was mandatory and that if he refused he would be taken immediately to a special housing unit cell, strapped down and given the PPD test. (Id. at 22-23.)

In light of those threats, McLean claims he submitted to the test which resulted in an allergic reaction within a short period of time and left a permanent scar on his left forearm. (Id. at 11.) McLean also alleges that he suffered damage to the muscle of the left forearm and still suffers pain from the administration of the test. (Id.) McLean contends that EMT Blaschak knew that his medical records showed that administering the test to him was "conterindacated." (Id. at 4 and 11.) McLean contends that EMT Blaschak was negligent by administering the test and

2

committed an assault and battery on his person. (Id. at 1-6.) He also contends that the clinical director, Ellen Mace-Leibson, D.O., and Health Services Administrator McKinney were negligent for issuing standing orders that all newly arrived inmates receive a PPD test. (Id.)

On June 9, 2015, the United States filed a motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b), or in the alternative for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. No. 27.) On January 22, 2016, McLean filed a brief in opposition. (Doc. No. 55.) By Memorandum and Order, the Court granted in part and denied in part Defendant's motion. (Doc. Nos. 59, 60.) The Court dismissed Plaintiff's claims of assault and battery and denied the motion in all other respects. (Id.) Accordingly, the only remaining claim is his FTCA claim against the United States. Defendant subsequently filed its answer to the amended complaint on March 14, 2016. (Doc. No. 62.)

After discovery had been completed, Plaintiff filed the instant motion for leave to file a second amended complaint on May 22, 2017 (Doc. No. 128.), along with a proposed second amended complaint and brief in support. (Doc. No. 129.) In his motion, Plaintiff seeks to add the Federal Bureau of Prisons as well as five new individual defendants to the action, along with a new claim sounding in Bivens. (Id.) Defendant has filed its oppositional brief, arguing that Plaintiff's

request should be denied as futile because: (1) he has failed to administratively exhaust his new Bivens claim; (2) the BOP is not a proper part to the proposed Bivens action; (3) four of the five individuals lack personal involvement with the sole issue in this case; (4) Plaintiff fails to state a claim of deliberate indifference; and (5) the statute of limitations bars Plaintiff's proposed amended complaint. (Doc. No. 132.) Plaintiff filed a reply brief on July 10, 2017. (Doc. No. 138.)

## II. Discussion

Generally, leave to amend a pleading pursuant to Federal Rule of Civil Procedure 15(a) should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court need not grant leave to amend in the presence of bad faith, undue delay, undue prejudice, or futility. See Diaz v. Palakovich, 448 Fed.Appx. 211, 215-16 (3d Cir. 2011) (citing Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000)); see also Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993). "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008) (citation omitted). Even where there is no undue delay, prejudice to the non-moving party remains the touchstone for the denial of a motion to amend. Arthur v. Maersk, Inc., 434 F.3d 196, 202 (3d Cir. 2006). The court must consider whether granting leave to amend the complaint

4

"would result in additional discovery, cost, and preparation to defend against new facts or new theories." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001).

Here, Plaintiff seeks to add a Bivens claim against five new individual defendants. This motion comes after this Court has granted several extensions of the discovery deadline, which closed on March 28, 2017, as well as after the time to file dispositive motions has closed. It also has been filed almost two and a half years after the commencement of this action. (See Doc. No. 1 and Doc. No. 128.) Plaintiff's original complaint suggests that he was aware of a potential Bivens claim, but failed to assert it. (See Doc. No. 1.) Plaintiff's amended complaint also suggests that he was aware of a potential Bivens claim and again failed to assert it. (See Doc. No. 20.); See Bjorgung, 550 F.3d at 266 ("Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend.").

If Plaintiff were permitted to add new allegations and defendants, discovery should be re-opened to permit the parties to conduct discovery regarding the new claim and defendants, and additional dispositive motions would likely be filed. Courts presented with similar circumstances have denied such an invitation citing that the time and expense of re-opening discovery is sufficiently prejudicial to

5

prevent the addition of new claims.  See Berger v. Edewater Steel Co., 911 F.2d 911, 923-24 (3d Cir. 1990) (denying motion to add additional claims made four months after new information became available and two months after close of extended discovery); Ahmed v. Ringler, No. 2:13-CV-1050, 2017 WL 30017, at *6 (E.D. Cal. Jan. 4, 2017); Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from delayed motion to amend the complaint."); Priddy v. Edelman, 883 F.2d 438, 447 (6th Cir. 1989) ("Putting the defendants through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial."); Bassani v. Sutton, 430 F. App'x. 596, 597 (9th Cir. 2011) (holding that "the district court's ultimate conclusions - that there would be undue delay and prejudice to the defendants if [the plaintiff] were allowed to amend his complaint two years into litigation and after the close of discovery - were not an abuse of discretion.").

As noted above, this action is not in its preliminary stages.  The first amended complaint was filed more than two years ago, both parties received numerous extensions regarding discovery deadlines and discovery was officially closed on March 28, 2017.  Moreover, there is every indication that Plaintiff could have brought this Bivens claim and named the five additional defendants he now

seeks to add in either his original or first amended complaint. For these reasons, and the reasons set forth above, the Court will deny Plaintiff's motion for leave to file a second amended complaint.[1]

                                                                   s/Sylvia H. Rambo
                                                                    SYLVIA H. RAMBO
                                                                    United States District Judge

Dated: August 15, 2017

---

[1] The Court notes that it has not addressed Defendant's futility arguments for reasons to deny Plaintiff's current motion. The Court is satisfied that Defendant has met its burden of demonstrating undue prejudice, which is the "touchstone for the denial of leave to amend." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469-70 (D.N.J. 1990) (Such "substantial or undue prejudice to the non-moving party is sufficient ground for denying a motion to amend.") (citing Lorenz, 1 F.3d at 1414)).