# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM SAMUEL MCLEAN, JR., | : : : | |
| **Plaintiff** | : : | No. 1:14-CV-02298 |
| vs. | : : | (Judge Rambo) |
| UNITED STATES OF AMERICA, | : : | |
| **Defendant** | : : | |

## MEMORANDUM

Presently before this Court is pro se Plaintiff William Samuel McLean Jr.'s motion for leave to increase the amount of the FTCA damages. (Doc. No. 141.) Defendants have filed a brief in opposition. (Doc. Nos. 143.) After this Court granted Plaintiff an extension of time, Plaintiff filed a reply brief on November 21, 2017. (Doc. No. 157.) This matter is now ripe for disposition. For the reasons set forth below, Plaintiff's motion for leave to increase the FTCA damages will be denied and this matter will be referred to the Prison Litigation Settlement Program.

### I. Background

On December 12, 2014, Plaintiff, an inmate then confined at the Federal Correctional Institution at Schuylkill, Minersville, Pennsylvania ("FCI-Schuylkill")[1] filed this action against the Federal Bureau of Prisons ("BOP")

---

[1] Plaintiff is currently confined at FCI Edgefield, South Carolina.

pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671. (Doc. No. 1.) On February 26, 2015, Plaintiff filed an amended complaint substituting the United States as the Defendant along with a motion to serve the amended complaint. (Doc. Nos. 20, 21.) By Order dated April 10, 2015, the motion to serve the amended complaint was granted, the Federal Bureau of Prisons was terminated as a Defendant, and the United States of America was added as the sole Defendant in this action. (Doc. No. 25.)

In the amended complaint and attachments thereto Plaintiff alleges that when he and other inmates arrived at FCI-Schuylkill on December 5, 2011, they were informed by Tamara Blaschak, an emergency medical technician, that they would all receive a skin test for tuberculosis, i.e., a purified protein derivative (PPD) test. (Doc. No. 20.) Plaintiff claims that he informed EMT Blaschak that he previously had TB and also had a PPD test in 1994 and that those facts were documented in his medical records maintained by the BOP. (Id.) McLean alleges that he objected to the administration of the PPD test and that EMT Blaschak informed him and the other inmates that the test was mandatory and that if he refused he would be taken immediately to a special housing unit cell, strapped down and given the PPD test. (Id. at 22-23.)

In light of those threats, McLean claims he submitted to the test which resulted in an allergic reaction within a short period of time, leaving a permanent

2

scar on his left forearm. (Id. at 11.) McLean also alleges that he suffered damage to the muscle of the left forearm and still suffers pain from the administration of the test. (Id.) McLean contends that EMT Blaschak knew that his medical records showed that administering the test to him was "conterindacated." (Id. at 4 and 11.) McLean contends that EMT Blaschak was negligent by administering the test and committed an assault and battery on his person. (Id. at 1-6.) He also contends that the clinical director, Ellen Mace-Leibson, D.O., and Health Services Administrator McKinney were negligent for issuing standing orders that all newly arrived inmates receive a PPD test. (Id.)

On June 9, 2015, the United States filed a motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b), or in the alternative for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. No. 27.) On January 22, 2016, McLean filed a brief in opposition. (Doc. No. 55.) By Memorandum and Order, the Court granted in part and denied in part Defendant's motion. (Doc. Nos. 59, 60.) The Court dismissed Plaintiff's claims of assault and battery and denied the motion in all other respects. (Id.) Accordingly, the only remaining claim is his FTCA claim against the United States. Defendant subsequently filed its answer to the amended complaint on March 14, 2016. (Doc. No. 62.)

On September 25, 2017, Plaintiff filed a motion to increase the amount of his FTCA damages from ten thousand dollars ($10,000.00), to one hundred thousand dollars ($100,000.00). (Doc. No. 141.) He also filed a brief in support of the motion. (Doc. No. 142.) Defendant filed an oppositional brief on October 10, 2017. (Doc. No. 143.) Plaintiff filed a reply brief on November 20, 2017. (Doc. No. 157.)

## II. Discussion

### A. Motion to Increase the Amount of FTCA Damages

Title 28 U.S.C. § 2675(b) of the Federal Tort Claims Act provides:

> (b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b). The plaintiff bears the "burden 'of showing [] any newly discovered evidence or intervening facts' bearing on [the plaintiff's] injuries." Schwartz v. United States, 446 F.2d 1380, 1381 (3d Cir. 1971).

In his administrative tort claim filed on November 18, 2013, Plaintiff sought damages in the amount of ten thousand dollars ($10,000.00). (Doc. No. 20.) Plaintiff has now filed a motion seeking to increase his requested damages to one hundred thousand dollars ($100,000.00). (Doc. No. 141.) In support of his

4

request, Plaintiff claims that prior to filing his administrative tort claim, he was told by Dr. Ellen Mace-Liebson that the "T.B. golf ball sized lump" would heal and when he filed his claim, he was still under the impression he would get better. (Doc. No. 142 at 3.) However, Plaintiff provides that he has not gotten better, but in fact, experiences pain in his left forearm and hand, which aches every day. (Id.)

Before filing an action in federal court pursuant to the FTCA, the plaintiff must first have presented the claim to the appropriate federal agency. 28 U.S.C. § 2675(a). The subsequent federal case "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." Id. § 2675(b). Courts have uniformly placed the burden of proving either occurrence on the FTCA claimant. See Allgeier v. United States, 909 F.2d 869, 877 (6th Cir. 1990); Kielwien v. United States, 540 F.2d 676, 680 (4th Cir. 1976), cert. denied, 429, U.S. 979 (1976).

Courts have held that a claim may be increased when the claimant either did not know or reasonably could not have known the severity of the injury at the time the FTCA tort claim notice was filed. See Cole v. United States, 861 F.2d 1261 (11th Cir. 1988); Husovsky v. United States, 590 F.2d 944 (D.C. Cir. 1978);

Spivey v. United States, 912 F.2d 80 (4th Cir. 1990). Other courts have strictly construed the requirements of 28 U.S.C. § 2675(b), and have not allowed a claimant to amend a claim for higher damages unless the claimant has new information which was not reasonably discoverable at the time the FTCA tort claim was filed, and such information does not go to the severity of the claimant's known injuries. Reilly v. United States, 863 F.2d 149 (1st Cir. 1988).

Plaintiff provides that at the time of filing his administrative claim, he was under the impression that he would get better because Dr. Ellen Mace-Liebson told him he would heal and be okay. (Doc. No. 142). Thus, Plaintiff alleges that he was under the impression that his injury was only temporary and submitted his tort claim damage request based thereon. It was not until after the submission of the claim, and now years after, that he alleges he still has not gotten better and still experiences pain every day. (Id.) Moreover, Plaintiff avers that despite his request for medical examinations, Defendant fails to provide him with a thorough examination. (Id.)

Accordingly, Plaintiff seeks to increase his damages amount based upon the foregoing information, not known to him or reasonably discoverable when he filed his claim. Defendant counters that Plaintiff has failed to meet his burden in providing "newly discovered evidence" or "intervening facts" to support his request. (Doc. No. 143 at 1.) Defendant provides that in Plaintiff's administrative

tort claim filed in 2013, Plaintiff alleged that in addition to the scarring, he suffered damage to the muscle of his left forearm and that he still suffers pain from the administration of the test. (Id. at 2; Doc. No. 20 at 11; Doc. No. 23 at 11.) Plaintiff provides in the administrative tort claim that his pain is exacerbated by forearm crutches he uses as the result of a stroke he had previous to the TB incident. (Doc. No. 23 at 11; Doc. No. 157 at 3.) Defendant argues that contrary to Plaintiff's assertion that he "could not have known the full extent of [his] injury" at the time he filed his administrative tort claim or current lawsuit, the administrative tort claim filed in 2013 demonstrates otherwise. (Doc. No. 143 at 3.)

Specifically, Defendant argues that the alleged injuries Plaintiff claims are neither new nor intervening because Plaintiff has previously specified them in his administrative tort claim filed in 2013, his complaint filed in 2014, and his amended complaint filed in 2015. (Id. at 4.) Defendant provides that that Plaintiff's explanation that he experiences ongoing pain to his left forearm which is exacerbated with the use of his crutches does not constitute "newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency," because this very information was specified in Plaintiff's administrative tort claim filed in 2013. (Id. at 5.)

Upon review of the record and briefs submitted by both parties, the Court finds that Plaintiff has failed to satisfy section 2675(b). Plaintiff has not submitted any newly discovered evidence that was not reasonably discoverable at the time of presenting his claim to the federal agency. Indeed, Plaintiff's current support for increasing his damages was utilized in 2013 to support Plaintiff's administrative tort claim. In Plaintiff's administrative tort claim, Plaintiff provided that his injury is a "permanent scar to [his] left [forearm] and the [underlying muscle] (Doc. No. 23 at 11, 13), and that in addition to this scarring, he has suffered damage to the tissue in his forearm and muscle and that the use of his crutches exacerbates his pain to his left T.B. damaged side. (Id.) While Plaintiff now attaches medical records to his reply brief which he contends is newly discovered evidence and demonstrates the extent of his injuries as of October 17, 2017, the Court cannot agree that these new records are the "smoking gun" Plaintiff believes them to be. (Doc. No. 157 at 19.)

It appears that on October 17, 2017, Plaintiff was examined by Donardo Fonte, MLP. (Doc. No. 157, Ex. J at 19.) The examiner's comments provide, in part:

> On the left proximal forearm noted a non tender, tiny .2 mm diameter movable firm mass. Subjectively patient feels tingling sensation on pressure on the anterior proximal forearm that radiates to the left thumb, second and third fingers. Negative pain on manual compression of the carpal tunnel. No thenar atrophy. Able to flex

> both wrist. Full [range of motion] of wrist and fingers
> except for the left second finger which was noted to have
> flexion deformity on the distal interphalangeal joint but
> non tender.

(Id.)

On October 19, 2017, Plaintiff was seen at radiology where an exam of his left hand was performed. (Id. at 20.) The findings provide, in part, that "[t]here is slight radial angulation of the second distal phalanx relative to the second middle phalanx…. There is no radiographic evidence for acute fracture. There is no joint space malalignment. There is no soft tissue abnormality." (Id.) The impression provides that there is "no radiographic evidence for an acute fracture or joint space malalignment in the left hand. Slight radial angulation of the second distal phalanx relative to the second middle phalanx with joint space narrowing and suspicion for remote posttraumatic deformity." (Id.)

The Court does not find that these medical records constitute newly discovered evidence or intervening facts because they do not shed "new light on the basic severity of the claimant's condition – that is, [they do not] materially differ[] from the worst-case prognosis of which the claimant knew or could reasonably have known when the claim was filed." Lebron v. United States, 279 F.3d 321, 330 (5th Cir. 2002). Indeed, as set forth above, in Plaintiff's administrative tort claim, he alleged that his injury is "permanent," that his scar to his left forearm and the underlying muscle and tissue are "permanent" and still

causes him pain. (Doc. No. 23 at 2-13.) These assertions in his administrative claim belie his assertions now made in his supporting brief to increase the FTCA damages that he was under the impression that his injury was only temporary. (Doc. 142.) Moreover, Plaintiff's medical records merely reflect that he does in fact have a non tender, tiny .2mm diameter movable firm mass on his left proximal forearm, and that Plaintiff "subjectively feels tingling sensation on pressure on the anterior proximal forearm that radiates to the left thumb, second and third fingers." (Doc. No. 157, Ex. J at 19.) However, these newly submitted medical records do not establish that Plaintiff's injuries have become worse since the filing of his administrative tort claim in 2013. See Harper v. U.S., Civ. No. 3:12-CV-1292, 2015 WL 4920322, at *12 (M.D. Pa. Aug. 17, 2015). Accordingly, Plaintiff has failed to satisfy section 2675(b) and his motion to increase the amount of FTCA damages will be denied. Consequently, Plaintiff's FTCA claim will be limited to ten thousand dollars ($10,000.00).

### III. Prison Litigation Settlement Program

Having considered the issues presented by Plaintiff's complaint and the current procedural posture of this case, the Court finds that it would be appropriate at this juncture in the proceedings to refer this case to the Prison Litigation Settlement Program. The Court will refer this matter for mediation and will stay this action pending the outcome of mediation proceedings.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion to increase the amount of the FTCA damages (Doc. No. 141) will be denied. The Court will refer this matter to the Prison Litigation Settlement Program and will stay this action pending the outcome of mediation proceedings. An appropriate Order follows.

                                   s/Sylvia H. Rambo
                                   SYLVIA H. RAMBO
                                   United States District Judge

Dated: January 30, 2018